IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br>REEDA KAYE PITTMAN,<br>　　　　　Debtor. | CHAPTER 13<br>CASE NO. 09-33992 |
| REEDA K PITTMAN,<br>　　　　　Plaintiff,<br>V.<br>ECAST SETTLEMENT CORP.,<br>　　　　　Defendant. | ADVERSARY  PROCEEDING<br>NO. 10-03679 |

**DEFENDANT ECAST SETTLEMENT CORP.'S ORIGINAL ANSWER TO PLAINTIFF-DEBTOR'S ORIGINAL COMPLAINT**

COMES NOW Defendant eCAST Settlement Corp. ("*eCAST*"), in accordance with Fed. R. Bankr. Proc. 7007 and Fed. R. Civ. Proc. 7(a)(2), 8(b), 12(h)(2), and in response to the *Complaint* (Doc 1, the "*Complaint*") filed by Reeda K Pittman (the "*Plaintiff-debtor*"), and files this, its *Original Answer to Plaintiff-Debtor's Original Complaint* (the "*Answer*"), respectfully stating as follows:

**I. RESPONSES TO THE COMPLAINT'S ALLEGATIONS**

1. In response to paragraph 1 of the Complaint, eCAST denies that the Bankruptcy Court has jurisdiction over this adversary proceeding for the reasons stated in its Motion to Dismiss (Doc 9), which eCAST hereby incorporates by reference as if set forth herein in its entirety. To the extent that paragraph 1 of the Complaint makes any further allegations, eCAST states that after a reasonable investigation, it is without sufficient information or belief to admit or deny such allegations, and therefore denies the same.

2. In response to paragraph 2 of the Complaint, eCAST states that if the Bankruptcy Court did

13213443v.1

1  not lack jurisdiction over this adversary proceeding, the proceeding would involve core matters
2  and noncore matters related to *In re Reeda Kaye Pittman*, No. 09-33992 (Bankr. S.D. Tex. June
3  2, 2009) (the "*Lead Bankruptcy Case*").  To the extent necessary, eCAST consents to the entry of
4  final orders or judgments in this adversary proceeding by the United States Bankruptcy Judge.
5  To the extent that paragraph 2 of the Complaint makes any further allegations, eCAST states that
6  after a reasonable investigation, it is without sufficient information or belief to admit or deny
7  such allegations, and therefore denies the same.

8  3.  eCAST admits the allegations in paragraph 3 of the Complaint.

9  4.  eCAST admits the allegations in paragraph 4 of the Complaint.

10  5.  eCAST admits the allegations in paragraph 5 of the Complaint.

11  6.  eCAST admits the allegations in paragraph 6 of the Complaint.

12  7.  In response to the allegations in paragraph 7 of the Complaint, eCAST responds that the
13  docket report for the Lead Bankruptcy Case reflects that a Schedule was filed along with a
14  voluntary petition.  (*See* Doc 1 in the Lead Bankruptcy Case, the "*Petition*".)   To the extent that
15  paragraph 7 of the Complaint makes any further allegations, eCAST states that after a reasonable
16  investigation, it is without sufficient information or belief to admit or deny such allegations, and
17  therefore denies the same.

18  8.  eCAST admits the allegations in paragraph 8 of the Complaint.

19  9.  In response to the allegations in paragraph 9 of the Complaint, eCAST responds that Claim
20  No. 18 was filed by Mr. Thomas A. Lee III, Esq. of Becket & Lee LLP, as attorneys/agent for
21  eCAST.  eCAST further responds that the true and correct copy of Claim No. 18 as originally
22  filed is available on the Claims Register in the Lead Bankruptcy Case.  (*See* Doc 18-1 in the
23  Claims Register, the "Proof of Claim".)  To the extent that paragraph 9 of the Complaint makes
24  any further allegations about or characterizations of the Proof of Claim, eCAST denies them, as
25  the Proof of Claim speaks for itself.

26  10.  In response to the allegations in paragraph 10 of the Complaint, eCAST restates and

13213443v.1

realleges paragraph 9 of this Answer as if fully set forth at length.

11. In response to the allegations in paragraph 11 of the Complaint, eCAST restates and realleges paragraph 9 of this Answer as if fully set forth at length.

12. In response to the allegations in paragraph 12 of the Complaint, eCAST restates and realleges paragraph 9 of this Answer as if fully set forth at length.

13. In response to the allegations in paragraph 13 of the Complaint, eCAST restates and realleges paragraph 9 of this Answer as if fully set forth at length.

14. In response to the allegations in paragraph 14 of the Complaint, eCAST restates and realleges paragraph 9 of this Answer as if fully set forth at length.

15. In response to the allegations in paragraph 15 of the Complaint, eCAST restates and realleges paragraph 9 of this Answer as if fully set forth at length.

16. In response to the allegations in paragraph 16 of the Complaint, eCAST restates and realleges paragraph 9 of this Answer as if fully set forth at length.

17. eCAST denies the allegations of paragraph 17 of the Complaint.

18. eCAST denies the allegations of paragraph 18 of the Complaint.

19. eCAST denies the allegations of paragraph 19 of the Complaint.

20. eCAST denies the allegations of paragraph 20 of the Complaint.

21. eCAST denies the allegations of paragraph 21 of the Complaint.

22. eCAST denies the allegations of paragraph 22 of the Complaint.

23. In response to the allegations of paragraph 23 of the Complaint, eCAST responds that it is a debt buyer. To the extent paragraph 23 of the Complaint makes any further allegations, eCAST denies them.

24. In response to the allegations of paragraph 24 of the Complaint, eCAST responds that it routinely files in good faith claims in the United States Bankruptcy Court for the Southern District of Texas. To the extent paragraph 24 of the Complaint makes any further allegations, eCAST denies them.

25. In response to the allegations of paragraph 25 of the Complaint, eCAST responds that the Bankruptcy Rules, official forms, and case law in the Southern District of Texas speak for themselves. To the extent that the characterization of these items in paragraph 25 of the Complaint constitute allegations, eCAST denies them.

26. eCAST denies the allegations in paragraph 26 of the Complaint.

27. eCAST denies the allegations in paragraph 27 of the Complaint.

28. eCAST denies the allegations in paragraph 28 of the Complaint.

29. eCAST denies the allegations in paragraph 29 of the Complaint.

30. eCAST denies the allegations in paragraph 30 of the Complaint.

31. eCAST denies the allegations in paragraph 31 of the Complaint.

32. eCAST denies the allegations in paragraph 32 of the Complaint.

33. eCAST denies the allegations in paragraph 33 of the Complaint.

34. eCAST denies the allegations in paragraph 34 of the Complaint.

35. eCAST denies the allegations in paragraph 35 of the Complaint.

36. eCAST denies the allegations in paragraph 36 of the Complaint.

37. eCAST denies the allegations in paragraph 37 of the Complaint.

38. eCAST denies the allegations in paragraph 38 of the Complaint.

39. eCAST denies the allegations in paragraph 39 of the Complaint.

40. eCAST denies the allegations in paragraph 40 of the Complaint.

41. eCAST denies the allegations in paragraph 41 of the Complaint.

42. eCAST denies the allegations in paragraph 42 of the Complaint.

## II. DEFENSES

43. For the reasons stated in eCAST's Motion to Dismiss (Doc 9), which eCAST hereby incorporates by reference as if set forth herein in its entirety, the Plaintiff-debtor has not alleged and has no basis for alleging standing to bring, and this Court thus lacks jurisdiction to adjudicate, the Complaint or any claims asserted therein.

13213443v.1

44. The Complaint and all claims asserted therein are barred in whole or in part because the Plaintiff-debtor is not the proper party to bring them.

45. The Complaint and all claims asserted therein are barred in whole or in part by laches because the Plaintiff-debtor failed to object to the Proof of Claim in a timely manner.

46. The Complaint and all claims asserted therein are barred in whole or in part because the Plaitniff-debtor waived them by failing to object to the Proof of Claim in a timely manner.

47. The Complaint and all claims asserted therein are barred in whole or in part because the Plaintiff-debtor is estopped from challenging the Proof of Claim when she does not dispute owing the debt upon which the Proof of Claim is based.

48. The Complaint and all claims asserted therein are barred in whole or in part because the confirmation of the Plaintiff-debtor's chapter 13 plan is res judicata.

49. The Complaint fails to state a claim on which relief can be granted because it does not allege any injury suffered by the Plaintiff.

50. The Complaint fails to state a claim on which relief can be granted because it does not allege any injury suffered by the Plaintiff and caused by eCAST.

51. The Complaint fails to state a claim on which relief can be granted because it does not allege any actual damages suffered by the Plaintiff.

52. The Complaint fails to state a claim on which relief can be granted because it does not allege any actual damages suffered by the Plaintiff and caused by eCAST.

53. The Complaint's prayers for punitive or exemplary damages are barred in whole or in part by federal and/or Texas law.

54. The Complaint's prayers for damages are barred in whole or in part because the Plaintiff-debtor failed to mitigate any damages.

55. The Complaint fails to state a claim on which relief can be granted because no cause of action exists for challenging the sufficiency of a proof of claim.

56. The Complaint fails to state a claim on which relief can be granted because its allegations

13213443v.1

fail to plead facts sufficient to support the imposition of sanctions.

57.  The Complaint fails to state a claim on which relief can be granted because its allegations fail to plead facts sufficient to support the injunctive relief requested.

### III. CONCLUSION AND PRAYER

For the foregoing reasons, eCAST respectfully requests that the Plaintiff-debtor take nothing by this action.

Respectfully submitted,

SEYFARTH SHAW LLP                                                                                  **DATED: MARCH 16, 2011**

By: */s/David W. Waddell*

    DAVID W. WADDELL
        *LEAD COUNSEL*
        Texas Bar No. 20629050
        E-mail:  dwaddell@seyfarth.com

    JUDD M. TREEMAN
        *OF COUNSEL*
        Texas Bar No. 24070761
        E-mail:  jtreeman@seyfarth.com

SEYFARTH SHAW LLP
700 Louisiana, Suite 3700
Houston, Texas 77002-2797
Telephone:  (713) 225-2300
Facsimile:  (713) 225-2340

*ATTORNEYS FOR ECAST SETTLEMENT CORPORATION*

13213443v.1

## BLR 9013-1(D) CERTIFICATE OF SERVICE

In accordance with BLR 9013-1(d), I, the undersigned person, certify that, on the date appearing with my signature located below, I served a copy of the foregoing document on all parties receiving electronic service and notification via the Court's Case Management/Electronic Case Filing system and on the individuals and entities listed below and according to the method and contact information listed therewith:

(1) Debtor and Counsel for Debtor:
*Via email and first class mail*
MS. REEDA KAYE PITTMAN
c/o MR. JOHNIE J PATTERSON, ESQ.
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
Phone: 713-956-5577
Fax : 713-956-5570
Email: jjp@walkerandpatterson.com

(2) The United States Trustee:
*Via email and first class mail*
OFFICE OF THE US TRUSTEE
515 Rusk Ave
Ste 3516
Houston, TX 77002
Phone: 713-718-4650
Fax: (713) 718-4670
Email: USTP.Region07@usdoj.gov

(3) The Chapter 13 Trustee:
*Via email and first class mail*
MR. DAVID G PEAKE, ESQ.
9660 Hillcroft
Suite 430
Houston, TX 77096-3856
Phone: (713) 283-5400
Fax: (713) 852-9084
E-mail: dgpeake@peakech13trustee.com

*/s/Judd M. Treeman*                                                              **DATED: MARCH 16, 2011**

13213443v.1