# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | |
|    Reeda Kaye Pittman | § | |
|       Debtor | § | CASE NO. 09-33992-H4-13 |
| | § | |
| REEDA KAYE PITTMAN, | § | |
|    Plaintiff | § | |
| | § | |
|       vs. | § | ADVERSARY NO. 10-03679 |
| | § | |
| ECAST SETTLEMENT | § | |
| CORPORATION, | § | |
|    Defendant. | § | |

## DISCLOSURE PURSUANT TO FRCP 26(a) & 7026(a) FRBP

Plaintiff Reeda Kaye Pittman hereby provides to eCast Settlement Corporation, Defendant, the following responses pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules Of Bankruptcy Procedure.

**a.   Individuals Likely to Have Knowledge of Discoverable Information Relevant to Disputed Facts:**

Reeda Kaye Pittman
5902 Southseas St.
Houston, TX 77033

Thomas A. Lee III
Attorney, Becket & Lee
P.O. Box 3001
Malvern, PA 19355
610.644.7800

Patti H. Bass (filed claim)
Attorney, Bass & Associates
Suite 200
3936 E. Ft. Lowell
Tucson, AZ 85712
520.577.1544

Gilbert B. Weisman
Attorney, Becket & Lee
P.O. Box 3001
Malvern, PA 19355
610.644.7800

THE FOLLOWING DESCRIPTIONS OF POTENTIAL AREAS OF KNOWLEDGE IS NOT INTENDED TO BE LIMITING. DISCOVERY BY BOTH PARTIES IS ESSENTIAL TO CORRECTLY IDENTIFY EACH AREA OF KNOWLEDGE OF THE IDENTIFIED INDIVIDUALS.

REEDA KAYE PITTMAN - has knowledge regarding the debts owed as of the filing of her bankruptcy petition, lack of debt to the Defendant, her general understanding of the claims process and her bankruptcy proceeding.

THOMAS A. LEE III - it is believed that Mr. Lee has knowledge regarding the process and procedures utilized by the Defendant in filing claims. It is also believed that Mr. Lee may have knowledge regarding the process utilized to file and verify bankruptcy claims.

PATTI H. BASS - it is believed that Ms. Bass has knowledge regarding the process and procedures utilized by the Defendant in filing claims. It is also believed that Ms. Bass may have knowledge regarding the process utilized to file and verify bankruptcy claims.

GILBERT B. WEISMAN - it is believed that Mr. Weisman has knowledge regarding

the process and procedures utilized by the Defendant in processing notices and objections to claims. It is also believed that Mr. Weisman may have knowledge regarding the process utilized to determine the required responses to objections to claims.

### b. Documents Relevant to Disputed Facts.

Plaintiff has contemporaneously provided documents, Bates stamped 1-1718. The documents include the Plaintiff's Schedules, pleadings and orders in the Bankruptcy case related to the litigation or the claim filed by the Plaintiff and numerous and various filings made by the Defendant in the Bankruptcy Court for the Southern District of Texas. Privileged documents have not been identified nor produced. If additional non-privileged documents are later identified, they will be provided to Defendant's counsel.

### c. Computation of Damages.

Plaintiff seeks damages as follows:

Actual damages including:

- Missed work/unpaid income/sick days/vacation due to prosecution of their claims
- Travel and related expenses for prosecuting their claims
- Out-of-pocket expenses

Disgorgement of any amounts received by Defendant

Punitive Damages

Sanctions

Attorney Fees and costs per fee agreement approved by the Court

### d. Insurance Agreements.

N/A.

### e. Expert Testimony.

None at this time. Will supplement upon designation.

Johnie Patterson will provide factual testimony of the actual fees and costs incurred in the prosecution of this matter and his opinion as to the factors

bearing on the reasonableness of the actual fees and costs, however the Court retains the authority to determine the reasonableness of the requested fees and costs.

Respectfully submitted,

By: /s/ Johnie Patterson
Johnie Patterson
attorney-in-charge

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
713.956.5577 (telephone)
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing *Initial Disclosures* was served by electronic transmission on David W. Waddell, dwaddell@seyfarth.com and upon Judd M. Treeman, jtreeman@seyfarth.com on April 11, 2011.

By: /s/ Johnie Patterson
Johnie Patterson